**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 3:25-BK-35135-KLP |
| DAVID JUNG | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DAVID JUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 3:26-AP-03013-KLP |
| | ) | |
| vs. | ) | |
| | ) | |
| NELNET, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR
LEAVE TO FILE RESPONSIVE PLEADING OUT OF TIME**

Defendants Nelnet, Inc. and Nelnet Servicing, LLC ("Defendants"), by and through

counsel, hereby submit their Opposition to Debtor's Motion for Default Judgment and Request for

Leave to File a Responsive Pleading Out of Time, and state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about March 15, 2021, Debtor David Jung ("Debtor") executed that certain

Direct Consolidation Loan Application and Promissory Note (the "Note") in favor of the U.S.

Department of Education ("DOE").  *See* Declaration of David Kim (the "Kim Decl."), submitted

herewith and incorporated herein by this reference.

2. Defendants are not a party to the Note. *See* Kim Decl., ¶¶ 5–6.

3. Nelnet Servicing, LLC is a servicer of the loan memorialized in the Note

(hereinafter, the "Loan"). *See* Kim Decl., ¶ 7.

4. Neither Nelnet, Inc. nor Nelnet Servicing, LLC are the beneficial owner of the Loan. *See* Kim Decl., ¶ 8.

5. The current beneficial owner of the Loan is the DOE. *See* Kim Decl., ¶ 9.

6. Defendants' practice upon receipt of a complaint for dischargeability of debt pursuant to 11 U.S.C. § 523(a)(8) is as follows:

   a. If applicable, e-mail notice is sent to plaintiff's counsel indicating that Defendants are an improper party to the lawsuit when Defendants only service the student loan at issue.

   b. Notice is sent to the lender on the particular loan, if applicable.

   c. The complaint or other legal process is scanned in and sent to the legal department where it is dealt with going forward.

*See* Kim Decl., ¶ 10.

7. With respect to the complaint and summons in this adversary proceeding, the complaint was scanned in upon receipt, and an e-mail was sent to Debtor's counsel on April 14, 2026 indicating that Defendants are not a proper party to this lawsuit because Defendants are not the beneficial owner of the Loan. *See* Kim Decl., ¶ 11.

8. However, following the e-mail to Debtor's counsel, due to a clerical oversight, the complaint and summons was not sent to the legal department and Defendants therefore did not timely file a responsive pleading herein. *See* Kim Decl., ¶ 12.

9. The Debtor filed its Motion for Default Judgment (the "Motion") on June 18, 2026, and requested entry of default judgment against Defendants, as well as Missouri Higher Education Loan Authority. *See* Dkt. No. 9.

## RELIEF REQUESTED

10. Defendants respectfully request that the Court enter an order denying the Motion and giving Defendants seven (7) days from entry of such order to file a responsive pleading.

2

HB: 4913-7374-0219.2

**ARGUMENT**

11.      Upon a motion made after the specified period expires, the Court has authority to accept late filings where the failure to act is the result of "excusable neglect." Fed. R. Bankr. P. 9006(b)(1); *see Phillips v. Brier (In re Brier)*, No. 92-34829, 1994 WL 16191543, *2 (Bankr. E.D. Va. July 27, 1994).  In determining whether a party's neglect of a deadline is excusable, courts should consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [adverse party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *In re Brier,* 1994 WL 16191543, *2 (quoting *Pioneer Inv. Serv. v. Brunswick Assoc.*, 113 S.Ct. 1489 (1993)).

12.      Here, the relevant factors favor a finding of excusable neglect. First, there is no prejudice to the Debtor, as setting aside the clerk's default and Motion against Defendants will have no effect on the dischargeability of the Loan. The DOE is the party who holds the Notes and owns the debt that Debtor seeks to have discharged. Nelnet Servicing, LLC, on the other hand, merely services the debt; Nelnet, Inc. neither services nor owns the debt at issue. Debtor is in no better or worse position if the Motion is denied and Defendants are given leave to file a responsive pleading.

13.      As for the length of the delay and its potential impact on judicial proceedings, as noted above, denying the Motion against Defendants and giving Defendants leave to file a responsive pleading will have no impact on the dischargeability of the Loan serviced by Nelnet Servicing, LLC. Moreover, no trial date has been set in this matter, as the Court has continued the pre-trial conference to July 15, 2026. *See* Dkt. No. 8.

3

14.    As set forth above, the reason for the delay was a clerical error on the part of an employee in the intake process. *See* Kim Decl., ¶ 12.  The mistake was inadvertent, not willful, and in good faith.

15.    Finally, Defendants have a meritorious defense in that Defendants have no interest in the Loan, as Nelnet Servicing, LLC simply services the Loan and Nelnet, Inc. neither owns nor services the Loan.  "Generally, the proper defendant to be named in the complaint is the holder of the student loan as of the date the complaint is filed." *In re Himes*, No. 00-80532, 2001 WL 34076414, at *1 (Bankr. C.D. Ill. Aug. 29, 2001) (citing *In re Bernal*, 207 F.3d 595 (9th Cir. 2000)).  Mere servicers of student loan debt, as opposed to the holders of that debt, are not proper parties to 523(a)(8) non-dischargeability lawsuits, as they do not have an interest in the loans at issue. *See In re* Bennett, No. 15-06051, 2015 WL 5602881, at *2 (Bankr. M.D.N.C. Sept. 22, 2015) ("This court agrees with other courts that have dismissed § 523(a)(8) actions against student loan servicers on the ground that there is no debt owed to the servicer to find dischargeable."); *see also* White *v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 815 (E.D. Mich. 2023), *reconsideration denied*, No. 1:22-CV-11229, 2024 WL 641019 (E.D. Mich. Feb. 15, 2024) (dismissing claim for discharge of student loan debt against loan servicer because, "Great Lakes, as the loan servicer, has no authority to discharge student-loan debt") (citing *Gavin v. Dept. of Air Force*, 324 F. Supp. 3d 147, 151 (D.D.C. 2018) ("even if [plaintiff] did have a cause of action for discharge of her student loans, it does not appear that Nelnet would be a proper defendant")); *Grabis v. Navient Solutions, LLC, et al.*, No. 15-01420, 2018 WL 1508754, at *5 (Bankr. S.D.N.Y. 2018) (stating that "the only proper defendants in an action to determine the dischargeability of student loan indebtedness are the parties who hold that indebtedness"); *Aalabdulrasul v. ACS (In re Aalabdulrasul)*, No. 11-9089, 2012 WL 1597277, at *1-2; (Bankr. N.D. Iowa May 7, 2012); *In*

4

HB: 4913-7374-0219.2

*re Srinivasan*, No. 10-1545, 2010 WL 3633062 (Bankr. D.N.J. Sept. 7, 2010).   Accordingly,

Defendants are not a proper party and are entitled to dismissal on that basis.

16.     In sum, setting aside the default judgment and default against Defendants will not

prejudice the Debtor in the slightest as Nelnet Servicing, LLC is the mere servicer of the debt,

neither Nelnet, Inc. nor Nelnet Servicing, LLC are the beneficial owner of the Loan, and it will not

prejudice any of the other defendants for the same reason.

WHEREFORE, Defendants Nelnet, Inc. and Nelnet Servicing, LLC respectfully request

that the Court enter an order denying the Motion and giving Defendants seven (7) days from entry

of such order to file a responsive pleading; and granting any other and further relief that is just and

proper.

Dated: July 8, 2026                                        Respectfully submitted,


                                                           */s/ Steven A. Neeley*
                                                           Steven A. Neeley (VA Bar #78870)
                                                           HUSCH BLACKWELL LLP
                                                           1801 Pennsylvania Avenue, NW
                                                           Suite 1000
                                                           Washington, DC 20006
                                                           Telephone:  (202) 378-2331
                                                           Facsimile:   (202) 378-2319
                                                           Email: steve.neeley@huschblackwell.com

                                                           *Attorneys for Nelnet, Inc. and Nelnet
                                                           Servicing, LLC*


                                               5

HB: 4913-7374-0219.2

## <u>CERTIFICATE OF SERVICE</u>

I, Steven A. Neeley, hereby certify that on July 8, 2026, I caused a copy of the foregoing document and all exhibits thereto to be served through the ECF system, and that copies will be sent electronically to registered participants, and paper copies will be sent to those indicated as non-registered participants requesting notice as of the date herein and as listed below.

**<u>Via U.S. Mail and E-mail</u>**

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
Telephone:  (804) 592-0792
Facsimile:   (804) 823-2565
Email: jkrumbein@krumbeinlaw.com
*Counsel for Debtor*

/s/ Steven A. Neeley
Steven A. Neeley

6

HB: 4913-7374-0219.2