**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| IN RE:<br><br>DAVID JUNG<br><br>Debtor. | Case No. 3:25-bk-35135-KLP<br>Chapter 7 |
| DAVID JUNG<br><br>Plaintiff,<br><br>vs.<br><br>NELNET, INC., et al.,<br><br>Defendants. | Adv. No. 26-03013-KLP |

**NELNET, INC.'S AND NELNET SERVICING, LLC'S (I) MOTION TO DISMISS ALL CLAIMS AGAINST NELNET, INC. AND NELNET SERVICING, LLC PURSUANT TO RULE 12(b)(6) OR, ALTERNATIVELY, TO COMPEL PLAINTIFF TO AMEND COMPLAINT TO REMOVE NELNET, INC. AND NELNET SERVICING, LLC AS NAMED DEFENDANTS AND (II) BRIEF IN SUPPORT**

Defendants Nelnet, Inc. and Nelnet Servicing, LLC ("Defendants"), by and through undersigned counsel, hereby moves to dismiss (this "Motion") all of Plaintiff David Jung's ("Plaintiff") claims against Defendants as set forth in his *Amended Complaint* [Dkt. No. 16] (the "Complaint") pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6) or, alternatively, for entry of an order directing Plaintiff to amend his Complaint to remove Nelnet, Inc. and Nelnet Servicing, LLC as defendants. In support thereof, Defendants state as follows:

## PRELIMINARY STATEMENT

1. Plaintiff commenced this lawsuit (this "Adversary Proceeding") to obtain a hardship discharge of his educational loan debt in his personal bankruptcy case pursuant to section

523(a)(8) of the Bankruptcy Code. He commenced this Adversary Proceeding on April 5, 2026, and amended the Complaint on August 11, 2026. Hardship discharge under section 523(a)(8) is the only cause of action that Plaintiff has pleaded against Defendants.

2. Plaintiff has inappropriately named Nelnet, Inc. and Nelnet Servicing, LLC as defendants in his Complaint. Plaintiff has accurately plead that Nelnet Servicing, LLC ("Nelnet Servicing") services his educational student loan. Compl. at 2 ¶ 9. Plaintiff has pleaded that Nelnet, Inc. "is a holder or servicer of a student loan," but stops short of alleging that Nelnet, Inc. is the holder of the student loan that Plaintiff seeks to discharge in this Adversary Proceeding. Compl. at 2 ¶ 8. Because Defendants do not hold Plaintiff's student loan, and Nelnet Servicing is only a loan servicer of the student loan, Plaintiff has no debt to Defendants that could even be subject to discharge and Plaintiff inappropriately named Nelnet, Inc. and Nelnet Servicing as a defendants in this Adversary Proceeding, which asserts one cause of action for a hardship discharge under section 523(a)(8). *See* 11 U.S.C. § 727(b) ("a discharge under subsection (a) of this section discharges the debtor from all ***debts*** that arose before the date of the order for relief under this chapter…") (emphasis added). Accordingly, Plaintiff has failed to plead any claims against Defendants upon which relief can be granted. In the interest of judicial economy and to prevent undue prejudice to Defendants, the Court should dismiss Defendants from this Adversary Proceeding, or in the alternative, order Plaintiff to amend his Complaint to remove Nelnet, Inc. and Nelnet Servicing as defendants.

## FACTS

3. Nelnet Servicing is a loan servicer of educational loan debt held by the U.S. Department of Education ("DOE"). In this role, Nelnet Servicing services student loans for the DOE by managing accounts and providing customer service. Under this contractual relationship

with DOE, Nelnet Servicing does not itself own the student loans the borrower has with DOE. As a loan servicer, neither Nelnet Servicing nor any of its other affiliates, including Nelnet, Inc., has any authority to litigate the discharge of any debt Plaintiff owes to DOE. For the avoidance of doubt, neither Nelnet, Inc. nor Nelnet Servicing are the beneficial owner of Plaintiff's student loan. As such, Defendants have no authority over discharge or discharge litigation with respect to any debt held by DOE.

## LEGAL STANDARD

4. Federal Rule of Civil Procedure ("Rule") 12(b)(6) is made applicable to adversary proceedings by Fed R. Bankr. P. 7012. When considering a Rule 12(b)(6) motion, a court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citation omitted). However, within the Fourth Circuit, courts do not "accept as true a legal conclusion couched as a factual allegation" nor do they credit "unwarranted inferences, unreasonable conclusions, or arguments." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015) (quoting *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) and *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)). Additionally, courts also reject "naked assertions devoid of further factual enhancement." *Id.* (quoting *Oberg*, 754 F.3d at 136).

5. To survive a motion to dismiss, the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," and must set forth "a claim for relief that is plausible on its face." *Rodriguez v. F & B Solutions*, 20 F.Supp. 3d 545, 547 (E.D. Va. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662,



HB: 4902-6669-1516.2

678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 570 (holding complaint must allege enough facts to move the claim "across the line from conceivable to plausible"). Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**ARGUMENT**

6. The Court should dismiss Plaintiff's claim against Defendants as a matter of law for failure to state a claim upon which relief may be granted. There are neither factual assertions on the face of the Complaint, nor any evidence attached thereto, to sustain Plaintiff's undue hardship claim against Defendants under section 523(a)(8) of the Bankruptcy Code. *See SD3 v. Black & Decker*, 801 F.3d at 422. Educational loan borrowers are indebted to their loan holders, not to loan servicers like Nelnet Servicing, so Plaintiff's claim against Nelnet Servicing is neither plausible nor legally cognizable. *See, e.g.*, *Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 n.4 (D.D.C. 2010) (holding that loan servicer had "no power or authority to discharge [plaintiff's] … student loans"); *In re Bennett*, No. 15-06051, 2015 WL 5602881, at *2 (Bankr. M.D.N.C. Sept. 22, 2015) ("This court agrees with other courts that have dismissed § 523(a)(8) actions against student loan servicers on the ground that there is no debt owed to the servicer to find dischargeable."); *White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 815 (E.D. Mich. 2023), *reconsideration denied*, No. 1:22-CV-11229, 2024 WL 641019 (E.D. Mich. Feb. 15, 2024) (dismissing claim for discharge of student loan debt against loan servicer because, "Great Lakes, as the loan servicer, has no authority to discharge student-loan debt") (citing *Gavin v. Dept. of Air Force*, 324 F. Supp. 3d 147, 151 (D.D.C. 2018) ("even if [plaintiff] did have a cause of action for discharge of her student loans, it does not appear that Nelnet would be a proper

defendant")); *Grabis v. Navient Solutions, LLC, et al.*, No. 15-01420, 2018 WL 1508754, at *5 (Bankr. S.D.N.Y. 2018) (stating that "the only proper defendants in an action to determine the dischargeability of student loan indebtedness are the parties who hold that indebtedness"); *Aalabdulrasul v. ACS (In re Aalabdulrasul)*, No. 11-9089, 2012 WL 1597277, at *1-2; (Bankr. N.D. Iowa May 7, 2012); *In re Srinivasan*, No. 10-1545, 2010 WL 3633062, at *3 (Bankr. D.N.J. Sept. 7, 2010).

7. Similarly, the Complaint pleads that Nelnet, Inc. "is a holder or a servicer of a student loan." Compl. at 2 ¶ 8. Notably, the Complaint does not specify that Nelnet, Inc. is the holder of the student loan that Plaintiff seeks to discharge or that Plaintiff is otherwise indebted to Nelnet, Inc. Instead, the Complaint notes that the DOE is the owner of the debt and that the loans are due to the DOE. Compl. at 2 ¶¶ 11, 13. Thus, Plaintiff has failed to allege facts that give rise to a claim against Nelnet, Inc.

8. Defendants also call the Court's attention to publicly available information that confirms that Defendants service federal student loans. For instance, "Nelnet" is listed as an "Loan Servicer" for "loans that the U.S. Department of Education (ED) owns" on the Federal Student Aid website.[1] The Court may take judicial notice of government websites in deciding this Motion. *See* Fed. R. Evid. 201. Nelnet's website also explains to borrowers that "Federal Student Aid (FSA) is your federal loan provider."[2]

[1] Federal Student Aid, "Who's My Student Loan Servicer?" *available at* https://studentaid.gov/manage-loans/repayment/servicers (last accessed Aug. 20, 2026).

[2] Nelnet, Official Servicer of Federal Student Aid, "About Us," *available at* https:// https://nelnet.studentaid.gov/content/yourstudentloanservicer (last accessed Aug. 20, 2026).

## CONCLUSION

9. For these reasons, Plaintiff has alleged insufficient facts to sustain his section 523(a)(8) claim against Defendants, and the Court should dismiss Defendants from the Complaint.

WHEREFORE, Defendants Nelnet, Inc. and Nelnet Servicing, LLC respectfully request that the Court enter an order: (1) dismissing Plaintiff's claims against Nelnet, Inc. and Nelnet Servicing, LLC with prejudice or, alternatively, directing Plaintiff to amend his Complaint to remove Nelnet, Inc. and Nelnet Servicing, LLC as defendants; and (2) granting such other relief as the Court deems just and proper.

Dated: August 25, 2026.

Respectfully submitted,

*/s/ Steven A. Neeley*

Steven A. Neeley (VA Bar # 78870)
Julia S. Kopcienski (VA Bar # 92346)
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
Ph. (202) 378-2331
Fax (202) 378-2319
Email: steve.neeley@huschblackwell.com
Email: julia.kopcienski@huschblackwell.com

*Attorneys for Nelnet, Inc. and Nelnet Servicing, LLC*

**CERTIFICATE OF SERVICE**

I, Steven A. Neeley, hereby certify that on August 25, 2026, I caused a copy of the foregoing document and all exhibits thereto to be served through the ECF system, and that copies will be sent electronically to registered participants, and paper copies will be sent to those indicated as non-registered participants requesting notice as of the date herein and as listed below.

**Via U.S. Mail and Email**

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
Telephone: (804) 592-0792
Facsimile: (804) 823-2565
Email: jkrumbein@krumbeinlaw.com
*Counsel for Debtor*

**Via U.S. Mail**

U.S. Department of Education
Office of the General Counsel
400 Maryland Ave SW
Washington, DC 20202
*Defendant*

Missouri Higher Education Loan Authority
633 Spirit Drive
Chesterfield, Missouri 63005
*Defendant*

*/s/ Steven A. Neeley*
Steven A. Neeley